O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Avram Moshe Perry | Case No. CV 12-02599 R <br><br> [Adversary Case Number: 1:10-ap-1356] <br><br> **ORDER DENYING APPELLANT'S MOTION TO RECUSE JUDGE REAL** <br><br> [Dkt. No. 6.  Referral to DDP at Dkt. No. 7] |

    This matter comes before the court on Appellant Avram Moshe Perry ("Appellant" or "Perry")'s Affidavit of Prejudic[e] and Peremptory Disqualification of Judge Manuel L. Real Pursuant to 28 U.S.C. § 455(A), which this court will construe as a Motion to Disqualify.[1]  Having reviewed Defendant's submission, the court DENIES the motion and adopts the following order.

**I.  Background**

    Perry asserts that Judge Real is "bias[ed] and prejudice[d] to Plaintiff."  (Mot. ¶ 1.)  Several of Perry's allegations are

---

[1] "The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1) . . . ." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  "Consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144."  Id.

directed not toward Judge Real, however, but toward court staff. Perry contends, for example, that clerk's office staff improperly assigned his case to Judge Real, never provided him with certain court documents, and improperly refused certain filings. (Id. ¶¶ 2-3, 5.)  Perry further contends that "defendants" mislead the bankruptcy court. (Id. ¶ 4.)  With respect to Judge Real, Perry asserts that Judge Real "entered an erroneous and late order" denying a motion for reconsideration, and that Judge Real generally has ulterior motives and a sullied reputation. (Id. ¶¶ 9,11.)

**II.  Discussion**

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1).  The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice.  In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

While the court is mindful of Appellant's pro se status, he has not established that Judge Real's impartiality could reasonably

be called into question.  Though Perry clearly disagrees with Judge Real's ruling regarding Perry's motion for reconsideration, he has not established that Judge Real has received any extrajudicial information or that Judge Real bears a "deep-seated and unequivocal antagonism" toward Perry "that would render fair judgment impossible."  <u>F.J. Hanshaw Enters.</u>, 244 F.3d at 1144-45.

**III.  Conclusion**

    For the reasons state above, Appellant's Motion to Disqualify DENIED.

IT IS SO ORDERED.

Dated: April 4, 2012

                                  DEAN D. PREGERSON
                                  United States District Judge